Greg L. Lippetz (State Bar No. 154228)
glippetz@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone:    650-739-3939
Facsimile:    650-739-3900

Attorneys for Defendant Freescale Semiconductor, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gregory Bender,<br><br>            Plaintiff,<br><br>      v.<br><br>Freescale Semiconductor, Inc.,<br>a Delaware corporation,<br><br>            Defendant. | Case No. C09-01156 (JCS)<br><br>**FREESCALE SEMICONDUCTOR, INC.'S ANSWER AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

Pursuant to Fed. R. Civ. P. 7, 12, and 13, Defendant Freescale Semiconductor, Inc. ("Defendant") responds to the allegations and averments in the Amended Complaint for Patent Infringement ("Complaint") filed by Plaintiff Gregory Bender ("Plaintiff") as follows:

**JURISDICTION AND VENUE**

1.    Defendant admits the Complaint purports to set forth a patent-infringement action under the patent laws of the United States, 35. U.S.C. § 101 et seq.  Defendant admits this Court has subject matter jurisdiction over such claims pursuant to 28 U.S.C. §§ 1331 and 1338(a). Defendant denies all other allegations in paragraph 1 of the Complaint.

2.    Defendant admits that venue is proper under 28 U.S.C. § 1400(b) in light of 28 U.S.C. § 1391(c), but denies that 28 U.S.C. § 1391(b) provides a basis for venue.

SVI-69390v1

**INTRADISTRICT ASSIGNMENT**

3.   This paragraph states a legal conclusion. Thus, no response is necessary.

**THE PARTIES**

4.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and accordingly denies those allegations.

5.   Defendant admits that it is a Delaware corporation, but otherwise denies the allegations of paragraph 5 of the Complaint.

**THE PATENT-IN-SUIT**

6.   Defendant admits that U.S. Patent No. 5,103,188 ("the '188 patent") is entitled "Buffered Transconductance Amplifier," that it states on its face that it was issued on April 7, 1992, and that a copy of the '188 patent was attached to the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of the Complaint and accordingly denies those allegations.

**FIRST CAUSE OF ACTION**

**(Infringement of the '188 Patent)**

7.   Defendant restates its responses to paragraphs 1-6 of the Complaint as if separately set forth herein.

8.   Defendant denies the allegations of paragraph 8 of the Complaint.

9.   Defendant denies the allegations of paragraph 9 of the Complaint.

10.   Defendant denies the allegations of paragraph 10 of the Complaint.

11.   Defendant denies the allegations of paragraph 11 of the Complaint.

**RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF**

12.   Defendant denies that Plaintiff is entitled to any relief whatsoever from Defendant or this Court, either as requested in the Complaint or otherwise.

**GENERAL DENIAL**

13.   Defendant further denies each and every allegation contained in the Complaint to which Defendant has not specifically responded.

## AFFIRMATIVE DEFENSES

14. Defendant alleges and asserts the following defenses in response to the allegations of the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, Defendant specifically reserves all affirmative defenses under rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery or further factual investigation in this case.

### FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

15. On information and belief, Defendant did not, and does not, directly or indirectly infringe any valid claim of the '188 patent, either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

16. One or more claims of the '188 patent are invalid for failure to comply with one or more of the conditions for patentability in 35 U.S.C. § 1 *et seq.*, including without limitation §§ 101, 102, 103, 112, and/or 116.

### THIRD AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

17. Defendant is estopped, based on statements, representations, and admissions made during prosecution of the application that led to the '188 patent from asserting any interpretation of the claims of the '188 patent that would be broad enough to cover any of Defendant's products or methods alleged to infringe the '188 patent, either literally or under the doctrine of equivalents.

### FOURTH AFFIRMATIVE DEFENSE
### (Unenforceability)

18. Plaintiff is barred in whole or in part by one or more of the doctrines of laches, estoppel, implied license, waiver, acquiescence, misuse, and unclean hands from enforcing the claims of the '188 Patent.

**FIFTH AFFIRMATIVE DEFENSE**

**(Patent Expiration)**

19.  Plaintiff's claims are limited by the expiration of the '188 patent in April 2004 for failure to pay the required maintenance fee under 35 U.S.C. § 41.

**SIXTH AFFIRMATIVE DEFENSE**

**(Notice)**

20.  To the extent Plaintiff seeks damages for alleged infringement prior to its giving actual or constructive notice of the '188 patent to Defendant, the relief sought by Plaintiff is barred by 35 U.S.C. § 287.

**DEFENDANT'S COUNTERCLAIMS**

Pursuant to Fed. R. Civ. P. 13, Defendant hereby asserts the following counterclaims:

**JURISDICTION AND VENUE**

1.  This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.

2.  By filing his Complaint, Plaintiff has consented to personal jurisdiction in this District. Additionally, on information and belief, the Court has personal jurisdiction over Plaintiff because he resides in this district.

3.  Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

**FIRST COUNTERCLAIM**

**(Declaratory Judgment of Non-Infringement of the '188 Patent)**

4.  Defendant repeats and realleges the allegations in paragraphs 1-3 of its counterclaims.

5.  This declaratory judgment counterclaim is asserted against Plaintiff under the patent laws, Title 35, United States Code and under Title 28, United States Code, §§ 2201 and 1338(a).

6.  Plaintiff has averred that he owns the '188 patent and has alleged that Defendant infringes this patent.

1    7.    On information and belief, Defendant did not, and does not, directly or indirectly
2 infringe any valid claim of the '188 patent.

3    8.    An actual controversy exists between Defendant and Plaintiff regarding
4 Defendant's non-infringement of the '188 patent by virtue of Plaintiff's allegation that Defendant
5 has infringed this patent.

6    9.    Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq.,
7 Defendant is entitled to judgment from this Court that the '188 patent is not infringed by
8 Defendant.

## SECOND COUNTERCLAIM

**(Declaratory Judgment of Invalidity of the '188 Patent)**

11    10.    Defendant repeats and realleges the allegations in paragraphs 1-9 of its
12 counterclaims.

13    11.    This declaratory judgment counterclaim is asserted against Plaintiff under the
14 patent laws, Title 35, United States Code and under Title 28, United States Code, §§ 2201 and
15 1338(a).

16    12.    Plaintiff has averred that he owns the '188 patent and has alleged that Defendant
17 infringes this patent.

18    13.    One or more claims of the '188 patent are invalid for failing to comply with one or
19 more of the requirements for patentability set forth in Part II of Title 35 of the United States
20 Code, including, but not limited to, §§ 102, 103, 112, and 116.

21    14.    An actual controversy exists between Defendant and Plaintiff regarding the
22 invalidity of the '188 patent by virtue of Plaintiff's allegation that Defendant has infringed this
23 patent.

24    15.    Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq.,
25 Defendant is entitled to judgment from this Court that one or more claims of the '188 patent are
26 invalid.

**THIRD COUNTERCLAIM**

**(Declaratory Judgment of Unenforceability of the '188 Patent)**

16.  Defendant repeats and realleges the allegations in paragraphs 1-15 of its counterclaims.

17.  This declaratory judgment counterclaim is asserted against Plaintiff under the patent laws, Title 35, United States Code and under Title 28, United States Code, §§ 2201 and 1338(a).

18.  Plaintiff has averred that he owns the '188 patent and has alleged that Defendant infringes this patent.

19.  One or more claims of the '188 patent are unenforceable in whole or in part due to one or more of the doctrines of laches, estoppel, implied license, waiver, acquiescence, misuse, unclean hands, expiration under 35 U.S.C. § 41, or required notice under 35 U.S.C. § 287.

21.  An actual controversy exists between Defendant and Plaintiff regarding the unenforceability of the '188 patent by virtue of Plaintiff's allegation that Defendant has infringed this patent.

22.  Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., Defendant is entitled to judgment from this Court that one or more claims of the '188 patent are unenforceable in whole or in part.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant requests the following relief:

(a)  That Plaintiff take nothing by reason of his Complaint, and that judgment be entered for Defendant;

(b)  Judgment that Defendant has not infringed and will not infringed, directly or indirectly, any claim of the '188 patent;

(c)  Judgment that one or more claims of the '188 patent are invalid;

(d)  Judgment that one or more claims of the '188 patent are unenforceable;

(e)  Judgment that this is an exceptional case and an award of attorney's fees and costs pursuant to 35 U.S.C. § 285; and

1     (f)    Such other relief as this Court may deem just and proper.

Dated: May 28, 2009                           Respectfully submitted,

Jones Day

By:     /s/ Greg L. Lippetz
       Greg L. Lippetz
       State Bar No. 154228
       JONES DAY
       1755 Embarcadero Road
       Palo Alto, CA  94303
       Telephone:    650-739-3939
       Facsimile:     650-739-3900

Counsel for Defendant Freescale Semiconductor, Inc.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b) and Northern District of California Local Rule 3-6(a), Plaintiff respectfully requests a jury trial on all issues triable thereby.

Dated: May 28, 2009

Respectfully submitted,

Jones Day

By: _____/s/ Gregory Lippetz_____
Greg L. Lippetz
State Bar No. 154228
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone:	650-739-3939
Facsimile:	650-739-3900

Counsel for Defendant Freescale Semiconductor, Inc.