IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY BENDER, | No. C 09-1156 PHJ (MEJ) |
| Plaintiff, | |
| vs. | **ORDER RE DISCOVERY DISPUTE (Dkt. #58)** |
| FREESCALE SEMICONDUCTOR, INC., | |
| Defendant. | |

## I. INTRODUCTION

Before the Court is the joint discovery dispute letter ("Joint Letter"), filed by Defendant Freescale Semiconductor, Inc. ("Defendant") and Plaintiff Gregory Bender ("Plaintiff") on March 9, 2010. (Dkt. #58.) Upon careful review of the parties' papers, relevant legal authority, and good cause appearing, the Court ORDERS as follows.

## II. BACKGROUND

Plaintiff filed the present action on March 16, 2009, alleging patent infringement by Defendant based upon one or more claims of United States Patent No. 5,103,188 (the "'188 Patent"). (Dkt. #1.) The '188 Patent is entitled "Buffered Transconductance Amplifier," and covers a subset of electrical circuits that amplify complex or high speed signals. (Pl.'s Compl. at 5-28, Dkt. #1.) Plaintiff alleges that Defendant "has performed acts and performs acts that infringe, and induce

others to infringe, one or more of the claims of the '188 Patent" for a vast number of electronic products. (Pl.'s First Am. Compl. ("FAC") ¶ 8, Dkt. #8.) On May 21, 2009, Plaintiff filed his FAC, clarifying his allegation that Defendant violated 35 U.S.C. § 271. (Dkt. #8.) On September 2, 2009, Plaintiff served his Disclosure of Asserted Claims and Infringement Contentions ("ICs"). (Lippetz Decl. ¶ 3, Ex. B, Dkt. #29.) On September 23, 2009, Defendant filed a Motion to Compel Plaintiff to amend his ICs to comply with Patent Local Rule ("Rule") 3-1 and to relieve Defendant of its discovery obligations pending service of compliant ICs. (Dkt. #28.)

On October 15, 2009, the Honorable Phyllis J. Hamilton, the presiding judge in this matter, referred the case to the undersigned for resolution of all discovery disputes. (*Order of Reference to Magistrate Judge*, Dkt. #40.) The undersigned subsequently denied Plaintiff's Motion to Compel without prejudice and ordered the parties to meet and confer in person, and thereafter to file a joint discovery dispute letter if unable to resolve the dispute. (*Notice of Reference for Purposes of Discovery*, Dkt. #42.)

On November 23, 2009, the parties stipulated to allow Plaintiff to file Secondary ICs by January 8, 2010. (Dkt. #52.) On January 13, 2010, Defendant informed Plaintiff that the infringement contentions did not satisfy the requirements of Rule 3-1. (Schmid Decl. ¶ 4, Dkt. #56.) On March 3, 2010, the parties filed the present Joint Letter. (Dkt. #58.)

### III.  DISCUSSION

Defendant argues that the level of detail provided by Plaintiff in his Secondary ICs fails to comply with Rule 3-1, which requires that Plaintiff's ICs identify the location of each element of each asserted claim in each accused product. (Joint Letter at 1.) Defendant further argues that Plaintiff's Secondary ICs and purported use of representative claim charts claim charts fails to comply with Rule 3-1 because they fail to identify the scope of the products at issue. *Id.* at 1. Furthermore, Defendant contends that Plaintiff has failed to provided ICs for each accused product, and has provided ICs for only 15 products. *Id.* at 3. As a result, Defendant moves to either strike Plaintiff's entire Secondary ICs or to limit further amendments only to the 15 products already

2

charted.[1] *Id.*

In response, Plaintiff contends that his Secondary ICs and the subject claim charts he has provided contain sufficient documentation which comply with Rule 3-1 and puts Defendant on notice regarding which products infringe on the '188 Patent. (Joint Letter at 3-4.)

**A.    Legal Standard**

Patent Local Rule 3-1 requires that infringement contentions contain "each claim of each patent in suit that is allegedly infringed by each opposing party" and identify for each asserted claim "each accused apparatus, product, device, process, method, act or other instrumentality ("Accused Instrumentality") . . . of which the party is aware . . . ." Patent L.R. 3-1(a), (b). A plaintiff must also provide a "chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality." Patent L.R. 3.1(c).

The purpose behind Rule 3-1 is to require a plaintiff to "crystallize" its theories of the case early in the litigation and to adhere to those theories once disclosed. *Alberta Telecomms. Research Ctr. v. Rambus, Inc.*, No. C 06-2595 RMW, 2007 U.S. Dist. LEXIS 89283, at *1 (N.D. Cal. 2007); *Atmel Corp. v. Information Storage Devices, Inc*., No. C 95-1987 FMS, 1998 U.S. Dist. LEXIS 17564, at *7 (N.D. Cal. 1998). In effect, Rule 3-1 is essentially a "discovery device" intended to streamline the discovery process by taking the place of interrogatories that the defendant would have likely propounded. *Network Catching Tech., LLC v. Novell, Inc.*, No C 01-2079 VRW, 2002 U.S. Dist. LEXIS 26098, at *12 (N.D. Cal. 2002). As such, courts may find that a plaintiff does not satisfy Rule 3-1 where the identification of the accused products or devices does not "compare . . . a product to its patents on a claim by claim, element by element basis for at least one of each [of] defendant's products," through reverse engineering or its equivalent, or where the opposing party is forced to "guess which versions of its products" infringes the patent. *Network*, U.S Dist. LEXIS 26098, at *16; *InterTrust Techs. Corp. v. Microsoft Corp.*, No. C 01-1640 SBA, 2003 U.S. Dist.

---

[1] The 15 products charted by Plaintiff are: SGLT5000, MC13783, MC44S803, MC 33780, DSP56800, MC 34830, MC13770, MC13820, MC44C401L, MC44C402, MC44C404, MXC300, RFX275-30, RFX300-30, MC13191. (Joint Letter, Ex. A.)

3

LEXIS 22736, at *6 (N.D. Cal. 2003).

**B.      Application to the Case at Bar**

Defendant argues that Plaintiff's Secondary ICs violate Rule 3-1 because Plaintiff failed to perform an adequate pre-filing analysis. (Joint Letter at 2.) Specifically, Defendant contends that Plaintiff's Secondary ICs fail to specify where each limitation can be found within each product accused of infringement. *Id*. Without this level of detail, Defendant argues that Plaintiff's ICs are mere speculations that require either reverse engineering or its equivalent to comply with the tenets of Rule 3-1. *Id*.

In response, Plaintiff contends that his infringement theories are simple and straightforward: Defendant utilizes each and every element of Claim 8 and/or Claim 35 of the '188 Patent in the amplifiers contained in modules in its integrated circuit products.[2] *Id.* at 4. Plaintiff thus argues that his Secondary ICs put Defendant on notice of the particular theories of infringement, especially because "any electrical engineer should be able to understand" and comprehend his Secondary ICs without reverse engineering or its equivalent. *Id*. at 3, 4. Lastly, Plaintiff argues that he should not be required to reverse engineer his infringement claims because the expense is too prohibitive, unnecessary under the Patent Local Rules, and because it would be inequitable. *Id*. at 4, 5.

The Court agrees with Defendant that Plaintiff's infringement contentions are not in compliance with Rule 3-1, despite a second chance to amend and despite the wisdom available to Plaintiff from many similar cases dealing with the '188 Patent. (*See below*, p 6; *see also Bender v. Micrel*, No. C 09-01144 SI, 2010 U.S. Dist. LEXIS 18134, at *6-7 (N.D. Cal. 2010) ("the Court takes notice that plaintiff has filed 24 similar patent infringement claims in the Northern District of California between March and December of 2009. The Courts have decided motions to compel infringement contentions that comply with Patent L.R. 3-1 brought by the defendants in three of those cases, and the motions have been granted in every instance.").

---

[2]Plaintiff contends that his invention and patent of voltage feedback amplifiers (Claim 35) has rendered the prior art of the differential pair, which is disclaimed in the '188 patent, technologically obsolete because the voltage feedback amplifier is ten times faster and one hundred times more stable than the differential pair. (*Id.*; *see* Pl.'s Compl. at 6, Dkt. #1.)

1   Here, although Plaintiff's Secondary ICs are more detailed than the original ICs he served,
2   they fail to demonstrate adequate pre-filing analysis that specifies how the "representative" products
3   comply with the requirement under Rule 3-1, which demands that the location of each element
4   within each accused product be revealed.  For example, in his original ICs, Plaintiff claimed that "all
5   versions of all of Defendant's products implementing high speed analog amplifiers made, used,
6   offered for sale, or sold in, or imported into, the United States" infringe on the '188 Patent.  (Joint
7   Letter, Ex. A 2:24-26, Dkt. #58.)  Likewise, in his Secondary ICs, Plaintiff claims that because
8   "[a]nalog amplifiers are essential elements in systems which transmit or receive data over an analog
9   medium[,] and the '188 Patent has become "the workhorse of the analog electronics industry[,]" most
10  of Defendant's product lines must either transmit or receive data through his '188 patent.  (Joint
11  Letter, Ex. B at- 1-2, Dkt. #58.)  While Plaintiff's statements may be true to some degree, Plaintiff's
12  expert witness, Dr. Kenneth D. Pedrotti, testified under oath that it is entirely possible for analog
13  designs to use other techniques outside of Plaintiff's '188 Patent.  (*Def.'s Mot. to File Recent*
14  *Testimonial Evid.*, Ex. A 3:16-20, Dkt. #60-1.)

15  The Court finds that such sweeping statements in the Secondary ICs are in direct violation of
16  Rule 3-1(b), which requires Plaintiff to articulate how the accused products share the same, or
17  substantially the same, infringing circuitry with any other product or with the 15 "representative"
18  products.  As such, the ability of Rule 3-1 to make discovery more manageable for both parties will
19  be defeated by requiring Defendant to "guess which versions of its products" are allegedly infringing
20  on the '188 Patent.  *InterTrust*, 2003 U.S. Dist. LEXIS 22736, at *6 (finding that the plaintiff's ICs
21  provided for an uncertain range of past, present, and future products, which left the defendant
22  guessing as to which of its products the plaintiff believed it was infringing); *Bender v. Advanced*
23  *Micro Devices*, Inc., No. C-09-1149 MMC, 2010 U.S. Dist. LEXIS 11539, at *3 (N.D. Cal. Feb. 1,
24  2010) (holding that the plaintiff's ICs were inappropriately broad so as to force the opposing party to
25  essentially "guess" what products infringe on the '188 Patent).

26  Furthermore, the Court finds that, despite the fact that Plaintiff's Secondary ICs do more than
27  simply mimic the claim language, the ICs are defective because they are impermissibly vague and

28

5

1 overly broad. To begin, Plaintiff's inclination towards cutting and pasting lead him to use the exact
2 language and model number from the previous product, MC44C401L, which only used Claim 35 as
3 the basis for infringement, for the next product, MC44C02, which focuses on Claims 8 and/or 35
4 infringements. Joint Letter, Ex. B at 98-111; *Bender v. Micrel*, No. C 09-01144 SI, 2010 U.S. Dist.
5 LEXIS 18134, at *6-7 (N.D. Cal. 2010) (finding that the plaintiff's ICs lacked specificity because
6 they resembled a "shotgun" approach); *Bender v. Broadcom*, No. C 09-01147 MHP, 2010 U.S. Dist.
7 LEXIS 28336, at *3 (N.D. Cal. 2010). Further, Plaintiff's other claims fail to identify with the
8 required precision where the infringing component is located. Merely alluding to the fact that any
9 electrical engineer would understand the infringement contentions is not sufficient. As a result,
10 Plaintiff fails to properly map and link the claim language to each accused product; instead, the
11 locations are repeated for each element of every claim. Because the Patent Local Rules place the
12 burden on Plaintiff to provide infringement contentions that specify the location of every claim
13 element within the accused products, Plaintiff must revise his ICs. *Bender v. Maxim*, No. C
14 09-01152 SI, 2010 U.S. Dist. LEXIS 32115, at *7 (N.D. Cal. 2010).

15 Lastly, the Court is aware of and sensitive to Plaintiff's concern about the cost of reverse
16 engineering. However, Rule 3-1 requires Plaintiff to serve ICs that meet the specificity requirement.
17 While Plaintiff is correct that reverse engineering is not a per se requirement, courts do require an
18 equivalent method that reveals on a claim by claim, element by element basis which products he
19 alleges are infringing the '188 Patent. *Network*, 2002 Dist. LEXIS 26098, at *16. After all, the
20 purpose behind Rule 3-1 is to require the Plaintiff to "crystallize" his theory of the case early in the
21 litigation. *Alberta*, U.S. Dist. LEXIS 89283, at *1. At this moment, it is unclear to the Court what
22 those specific theories of infringement are, and Plaintiff has already heard this from other judges in
23 this Court. *See Bender v. Broadcom*, No. C 09-01147 MHP, 2010 U.S. Dist. LEXIS 28336 (N.D.
24 Cal. 2010); *Bender v. Maxim*, No. C 09-01152 SI, 2010 U.S. Dist. LEXIS 32115 (N.D. Cal. 2010);
25 *Bender v. Micrel*, No. C 09-01144 SI, 2010 U.S. Dist. LEXIS (N.D. Cal. 2010); *Bender v. Advanced*
26 *Micro Devices*, Inc., No. C-09-1149 MMC, 2010 U.S. Dist. LEXIS 11539 (N.D. Cal. 2010); *Bender*
27 *v. Intersil Corp.*, No. C 09-01155 CW, 2009 U.S. Dist. LEXIS 83679 (N.D. Cal. 2009).

28

The Court will not strike Plaintiff's ICs at this time. However, given these prior rulings, the strong language behind many of those decisions, and the fact that Plaintiff has already amended his ICs once, the Court ORDERS Plaintiff to limit any future amendments to the 15 products alleged. Accordingly, if the amended infringement contentions are insufficient, the Court will be prepared to reconsider the motion to strike.

### IV. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's motion to strike all of Plaintiff's ICs, and GRANTS Defendant's Motion to Compel ICs, limited to the 15 products in the Secondary ICs which Plaintiff specifically charted. As such, Plaintiff is ORDERED to amend his ICs in accordance with Rule 3-1 and serve them upon Defendant within 30 days following issuance of this Order.

**IT IS SO ORDERED.**

Dated: April 26, 2010

MARIA-ELENA JAMES
United States Magistrate Judge

7